Mark S. O'Connor (Bar No. 011029)
Matthew P. MacLeod (Bar No. 022573)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: mark.oconnor@gknet.com
matt.macleod@gknet.com

Attorneys for Plaintiff Brian Klein

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Klein, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Vista Outdoor, Inc., a Delaware corporation; Blackhawk! Industries aka Blackhawk! Products Group d/b/a/ Blackhawk Industries Group Unlimited, L.L.C., a Virginia Limited Liability Company; ATK Security and Sporting d/b/a Alliant Techsystems, Inc., a Delaware corporation; John Does I-X, Jane Doe I-X, ABC Partnership I-X; Black and White Corporation I-X,<br><br>Defendants. | No. CV-17-00082-PHX-MHB<br><br>**AMENDED COMPLAINT** |

Plaintiff Brian Klein, by and through counsel undersigned, and for his cause of action against Defendants, allege as follows:

1. Brian Klein, at all times, material hereto was a resident of the State of Arizona, County of Maricopa.

2. Upon information and belief, Vista Outdoor, Inc., is, and at all times material herein, was a Delaware corporation conducting business in the State of Arizona, County of Maricopa, on a continuous and systematic basis.

3. Upon information and belief, Vista Outdoor, Inc., was a spinoff from ATK in 2015.  For the purpose of this Complaint, Vista Outdoor, Inc., ATK and Blackhawk! are hereinafter referred to as "Defendants."

4. Upon information and belief, Defendant ATK Security and Sporting d/b/a Alliant Techsystems, Inc. ("ATK") is, and at all times material herein, was a Delaware corporation conducting business in the State of Arizona, County of Maricopa, on a continuous and systematic basis.

5. Upon information and belief, Defendant Blackhawk! Industries aka Blackhawk! Products, doing business as Blackhawk Industries Product Group Unlimited, L.L.C. ("Blackhawk") is, and at all times material herein, was a Virginia limited liability company conducting business in the State of Arizona, County of Maricopa, on a continuous and systematic basis.

6. Upon information and belief, ATK's Security and Sporting business group acquired Blackhawk! Products Group on April 12, 2010.

7. Defendants John Does I-X, Jane Does I-X, Black and White Corporations I-X, and ABC Partnerships I-X are individuals, corporations, partnerships, or business entities which caused the events complained of to occur in the state of Arizona.  Plaintiff

does not know the true identities of said Defendants. Plaintiff will amend his complaint when the names of these Defendants become known.

8. At all times mentioned herein, Defendants, and each of them, were agents, servants and employees of the remaining Defendants, and each was at all times acting in the course and scope of said agency, service and employment. All Defendants were either joint tortfeasors with the other Defendants and were concurrently or jointly and severally liable for the acts and omissions described herein or secondarily liable for said acts and omissions.

9. Jurisdiction and venue are appropriate for this Court.

10. Defendants holds themselves out to the public as a business enterprise having superior knowledge of and expertise designing, manufacturing, engineering, fabricating, constructing, assembling, producing, labeling, building, testing, marketing, promoting, advertising, distributing and/or selling a broad range of tactical gear for those in the military and law enforcement, including but not limited to Blackhawk holsters.

11. Defendants holds themselves out to the public as a business enterprise having superior knowledge of and expertise marketing, promoting, advertising, distributing and/or selling Blackhawk products, including but not limited to Blackhawk holsters through their internet website.

**FACTUAL BACKGROUND**

12. Plaintiff re-alleges and incorporates by reference all prior and subsequent allegations as though fully set forth herein.

1  13. On October 18, 2014, Plaintiff Brian Klein was conducting firearms
2  training at a gun range in northeast Phoenix.

3  14. After completion of the student training, some of the instructors, including
4  Mr. Klein, continued with shooting drills. Mr. Klein was practicing a speed drill.

5  15. At all times, Plaintiff Brian Klein was utilizing a Blackhawk! Serpa Level 2
6  Sportster Holster ("Serpa Holster").

7  16. The design of the Serpa holster directs the practitioner's index finger
8  towards the weapon's trigger guard and trigger.

9  17. In order to draw the weapon from the Serpa Holster, Plaintiff Klein had to
10 utilize his right index finger to activate the holster's active retention system.

11 18. Plaintiff Brian Klein drew his weapon, a Smith & Wesson pistol, from the
12 Serpa Holster.

13 19. Mr. Kleins' right index finger was directed to the trigger guard/trigger and
14 the Smith & Wesson pistol discharged unintentionally.

15 20. As a result of this unintentional discharge, a bullet struck Mr. Klein's right
16 thigh.

17 21. The Serpa holster's design, specifically the active retention system,
18 promotes unintentional discharge and is defective and unreasonably dangerous.

19 22. As a result of this unreasonably dangerous design defect and unintentional
20 discharge, Plaintiff Brian Klein sustained physical and emotional injuries and general and
21 special damages in an amount to be proven at trial.
22

4

# FIRST CAUSE OF ACTION

# NEGLIGENCE-ALL DEFENDANTS

23. Defendants, and each of them, were negligent in their manufacture, design, inspection, distribution testing and sale of the Serpa Holster, and in their failure to warn and instruct with respect to the Serpa Holster, specifically the dangers of the active retention system which directs the user's index finger to the trigger guard/trigger

24. Defendants had a duty to Plaintiff to exercise reasonable and ordinary care in the formulation, testing, design, manufacture and marketing of the Serpa Holster, specifically the dangers of the active retention system which directs the user's index finger to the trigger guard/trigger which is contrary to safe practice

25. Defendants knew, or in the exercise of reasonable care, should have known, that the Serpa Holster as designed and manufactured, and due to defective warnings and product information, was unsafe and created a foreseeable and unreasonable risk of harm to users and consumers, including Plaintiff Brian Klein, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger.

26. Defendants breached the aforementioned duties to Plaintiff by designing, manufacturing, advertising, and selling the Serpa Holster that was unreasonable, dangerous and created an unreasonable risk of harm its users and consumers, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger.

5882348v1/26148-0001

27. Defendants further breached their duty to Plaintiff by failing to promptly recall the Serpa Holster and/or take other appropriate remedial action necessary to protect Plaintiff and others from unreasonable risk of harm, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger.

28. Defendants breached their duties and were negligent by doing the following:

    a. Failing to design the holster and its components, including the retention release system, in a reasonably safe condition that protected users, including Plaintiff, from injuries caused from unintentional and unexpected discharge and firing of weapons which are drawn from the Serpa Holster;

    b. Failing to provide adequate warnings of the unreasonably dangerous and defective condition of the Serpa Holster including, but not limited to, the dangerous retention release system and the unreasonable risk of harm to users and consumers, including Plaintiff, from the unreasonable risk of harm caused by the Serpa Holster;

    c. Failing to provide adequate instructions for the use of the Serpa Holster which were necessary to protect consumers and users, including Plaintiff, from the unreasonable risk of harm caused by the Serpa Holster;

6

29. As a result of the negligence of Defendants, including negligence in the manufacture, design, inspection, distribution testing, sale and negligent warnings and negligent product information, Plaintiff Brian Klein sustained severe and permanent injuries, including injuries to his right lower extremity.

30. As a direct and proximate result of the negligence of Defendants, Plaintiff Brian Klein suffered permanent and traumatic injuries, which necessitated medical care and treatment, including surgical procedures, hospitalization, and therapy.

31. As a further direct and proximate result of the negligence of Defendants, Plaintiff Brian Klein has sustained severe, painful, lasting, disabling and permanent injuries which have caused and will continue to cause, physical and mental pain and suffering for the rest of his life, as well as impair his ability to perform every day task, all to his detriment in an amount to be proven at trial.

32. As a further direct and proximate result of the negligence of Defendants, Plaintiff has suffered wage loss.

33. As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred numerous and diverse expenditures for medical care and treatment, and will continue to incur expenses for future medical care and treatment.

34. Plaintiff is informed and believes that Defendants knew or should have known about the unreasonable and dangerous designs and/or defects of the Serpa Holster and that serious accidents such as that which injured Plaintiff Brian Klein could occur as a result. Nonetheless, Defendants did not take measures to remedy their negligence, nor

did they warn the public or consumers like Plaintiff about their negligence and the risks that it posed.  Instead, Defendants deliberately and intentionally concealed such information from the public.  Such acts and/or omissions constitute willful, wanton, reckless, and malicious behavior and/or a conscious disregard of the substantial risk that such conduct might threaten the life, or seriously injure the physical health, welfare, and safety of the public, including consumers like Plaintiff Brian Klein.

35. Plaintiff is accordingly entitled to punitive damages against Defendants.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY –ALL DEFENDANTS

36. Plaintiff hereby incorporates by reference all prior allegations in this Complaint as though fully set forth herein.

37. The Serpa Holster was introduced into the stream of commerce by Defendants.

38. Defendants are engaged in the business of designing, manufacturing and/or selling holsters, and manufactured, sold or otherwise placed into the stream of commerce the Serpa Holster.

39. Defendants sold the Serpa Holster in a condition that was defective, unfit and unreasonably dangerous for its intended and foreseeable use, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger.

40. At the time of the accident, Plaintiff was using the Serpa Holster for its intended purpose in a manner foreseeable to Defendants.

5882348v1/26148-0001

41. Plaintiff Brian Klein relied on the skill and judgment of all Defendants to ensure the Serpa Holster would be suitable for the purposes for which Plaintiff Brian Klein would be using the product.

42. Defendants designed, tested, fabricated, manufactured, constructed, assembled, inspected, advertised, labeled, promoted, distributed, sold, installed, and/or placed into the stream of commerce Serpa Holster, including the Serpa Holster utilized by Plaintiff, in a defective, unsafe, and unreasonably dangerous condition, specifically the unreasonable dangers of the active retention system which directs the user of the trigger guard/trigger. The defective and unreasonably dangerous condition of the Serpa Holster was not in the contemplation of a reasonable consumer.

43. Defendants knew or should have known that a foreseeable use of the Serpa Holster was unreasonably dangerous and, thus, Defendants had a duty to provide adequate warnings of danger and instructions for reasonable and safe use of the Serpa Holster.

44. Defendants failed to provide adequate warnings and adequate product information which effectively advised users and consumers, including Plaintiff Brian Klein, of the unreasonably dangerous and defective condition of the Serpa Holster, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger.

45. As a direct and proximate result of the unreasonably dangerous and defective condition, the Serpa Holster did not perform safely and did not provide

1   reasonable and adequate protection from serious injury as an ordinary user or consumer,

2   such as Plaintiff Brian Klein, would expect when using the Serpa Holster.

3         46.    The Serpa Holster was defective and unreasonably dangerous when used in

4   a reasonably foreseeable manner and Defendants failed to warn, instruct, or protect

5   against the dangers or hazards inherent in the product, and failed to provide proper

6   instructions and warnings for the use of the Serpa Holster.

7         47.    Defendants are strictly liable for injuries and damages resulting from the

8   dangerously defective Serpa Holster.

9         48.    At the time the product was produced, there were reasonable alternative

10  designs, manufacturing, and warnings that would have reduced or eliminated the risk of

11  Plaintiff Brian Klein's injuries. Alternatives were feasible and cost effective in terms of

12  the Serpa Holster and its components, manufacturing, longevity, assembly, maintenance,

13  and range of consumer choice among products.

14        49.    The magnitude and probability of foreseeable risks of harm were far too

15  great and serious for Defendants to disregard the use of alternatives. Furthermore, the

16  failure to use alternatives violated user and consumer expectations about the advertising

17  and public image that Defendants portray about its reputation for quality. Moreover,

18  given that consumers statewide were able to purchase the product and the Serpa Holster

19  was easily accessible, alternatives should have been used. The omission of alternative

20  designs, manufacturing, and warnings rendered the Serpa Holster not reasonably safe.

21

22

50. Upon information and belief, Defendants knew of the defective and unreasonably dangerous condition of the Serpa Holster, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger, and knew that warnings and product information were inadequate. Notwithstanding, Defendants continued to produce, assemble, market, and sell the Serpa Holster to consumers and users without any substantial or meaningful change to the Serpa Holster, without adequate testing, and without adequate warning.

51. As a result of the acts and omissions of Defendants, the Serpa Holster, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger, which caused Plaintiff Brian Klein to sustain permanent injuries, was defective and unreasonably dangerous.

52. As a direct and proximate result of the defective and unreasonably dangerous conditions of the Serpa Holster, Plaintiff Brian Klein suffered permanent and traumatic injuries, including, but not limited to, injuries to his right low extremity, which necessitated medical care and treatment, including surgical procedures, hospitalizations and therapy.

53. As a further direct and proximate result of the defective and unreasonably dangerous conditions of the Serpa Holster, Plaintiff Brian Klein suffered permanent and traumatic injuries, which necessitated medical care and treatment, including surgical procedures, hospitalization, and therapy.

5882348v1/26148-0001

54. As a further direct and proximate result of the defective and unreasonably dangerous conditions of the Serpa Holster, Plaintiff Brian Klein has sustained severe, painful, lasting, disabling and permanent injuries which have caused and will continue to cause, physical and mental pain and suffering for the rest of his life, as well as impair his ability to perform every day task, all to his detriment in an amount to be proven at trial.

55. As a further direct and proximate result of the defective and unreasonably dangerous Serpa Holster, Plaintiff has suffered wage loss.

56. As a further direct and proximate result of the defective and unreasonably dangerous Serpa Holster, Plaintiff has incurred numerous and diverse expenditures for medical care and treatment, and will continue to incur expenses for future medical care and treatment.

57. Plaintiff is informed and believes that Defendants knew or should have known about the unreasonable and dangerous designs and defects of the Serpa Holster and that serious accidents such as that which injured Plaintiff Brian Klein could occur as a result. Nonetheless, Defendants did not take measures to remedy their negligence, nor did they warn the public or consumers like Plaintiff about their negligence and the risks that it posed. Instead, Defendants deliberately and intentionally concealed such information from the public. Such acts and/or omissions constitute willful, wanton, reckless and malicious behavior and/or a conscious disregard of the substantial risk that such conduct might threaten the life, or seriously injure the physical health, welfare, and safety of public, including consumers like Plaintiff Brian Klein.

58. Plaintiff is accordingly entitled to punitive damages against Defendants.

## THIRD CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY-ALL DEFENDANTS

59. Plaintiff re-alleges and incorporates by reference all previous and subsequent allegations as though fully set forth herein.

60. On or about the same time and place, Defendants expressly warranted and represented orally and in writing to any reasonable person, consumer, or user who might use said Serpa Holster that the Serpa Holster was fit for the aforementioned purposes and that said Serpa Holster was free from defects in materials, workmanship, and design. However, the Serpa Holster was not fit for the use intended and the parts and the whole thereof were defective in materials, workmanship, and design.

61. Plaintiff relied on the skill, expertise, and judgment of Defendants on its express warranties of fitness.

62. Contrary to the representations and express warranties of Defendants, the Serpa Holster was defective and unreasonably dangerous and unfit for the use intended, specifically the dangers of the active retention system which directs the user of the trigger guard/trigger.

63. Plaintiff Brian Klein, as a member of the general public and user of the Serpa Holster, relied upon said representations and warranties. As a proximate result of the breach of warranty, the Serpa Holster did not provide adequate protection for users and consumers.

64. As a direct and proximate result of the breach of warranty by Defendants, Plaintiff Brian Klein suffered permanent and traumatic injuries, which necessitated medical care and treatment, including surgical procedures, hospitalization, and therapy.

65. As a further direct and proximate result of the breach of warranty by Defendants, Plaintiff Brian Klein has sustained severe, painful, lasting, disabling and permanent injuries which have caused and will continue to cause, physical and mental pain and suffering for the rest of his life, as well as impair his ability to perform every day task, all to his detriment in an amount to be proven at trial.

66. As a further direct and proximate result of the breach of warranty by Defendants, Plaintiff Brian Klein has suffered wage loss.

67. As a further direct and proximate result of the breach of warranty by Defendants, Plaintiff has incurred numerous and diverse expenditures for medical care and treatment, and will continue to incur expenses for future medical care and treatment.

68. Plaintiff is informed and believes that Defendants knew or should have known about the unreasonable and dangerous designs and defects of the Serpa Holster and that serious accidents such as that which injured Plaintiff Brian Klein could occur as a result. Nonetheless, Defendants did not take measures to remedy their negligence, nor did they warn the public or consumers like Plaintiff about their negligence and the risks that it posed. Instead, Defendants deliberately and intentionally concealed such information from the public. Such acts and/or omissions constitute willful, wanton, reckless and malicious behavior and/or a conscious disregard of the substantial risk that

such conduct might threaten the life, or seriously injure the physical health, welfare, and safety of public, including consumers like Plaintiff Brian Klein.

69. Plaintiff is accordingly entitled to punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a sum that is reasonable and just as and for Plaintiff Brian Klein's pain and suffering;

2. For the reasonable value of special damages incurred including medical and other expenses to date and those to be incurred in the future for reasonable and necessary medical attention and care;

3. For the value of Plaintiff Brian Klein's permanently impaired earning capacity;

4. For a sum that is reasonable and just as and for Plaintiff Brian Klein's injuries, including permanent injuries;

5. For general compensatory damages in a just and reasonable amount;

6. For punitive and exemplary damages;

7. For Plaintiff's costs incurred herein; and

8. For such other and further relief as the Court and jury deem just and proper in the premises.

. . .

. . .

. . .

5882348v1/26148-0001

DATED this 7th day of March, 2017.

                GALLAGHER & KENNEDY, P.A.

                By   /s/ Matthew P. MacLeod
                    Mark S. O'Connor
                    Matthew P. MacLeod
                    2575 East Camelback Road
                    Phoenix, Arizona 85016-9225
                    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March, 2017, I electronically filed the foregoing Amended Complaint with the Court using the the CM/ECF system and for filing and transmittal of a Notice of Electronic Filing.

/s/ Amber Ussery

5882348v1/26148-0001